White, J.
Judgment liens are created by the statute,, and their extent and duration are such as the statute prescribes.
Sec. 421 of the code declares : “ The lands and tenements of the debtor within the county where the judgment is entered, shall be bound, for the satisfaction thereof, from the-first day of the term at which the judgment is rendered. . . . All other lands . . . shall be bound from the-time they shall be seized in execution.”
Section 422 provides: “If execution shall not be sued out within five years from the date of any j udgment, . . or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor”
This section is a transcript of section 85 of the practice act of 1831, and is different, in terms, from the section on the same subject in the practice act of 1824. 2 Chase, 1273,. sec. 82. It is the last-named section that was under consideration in Lytle et al. v. Cincinnati Manufacturing Co., 4 Ohio, 459.
It is well settled that the title of a purchaser from the- *359 judgment debtor, is, on the judgment becoming dormant,, discharged from the lien, and that the subsequent revivor of the judgment will not affect such title. Norton v. Bever et al., 5 Ohio, 178; Miner v. Wallace, 10 Ohio, 403; Hutchinson’s Ex’r v. Hutchinson et al., 15 Ohio, 301.
The only question, therefore, in this case is, whether the fact that the creditor, at the suit of the judgment debtor, was enjoined from issuing execution, had the effect to prolong the lien beyond the statutory period as against the purchaser from the judgment debtor.
We think it can have no such effect. The purchaser was no party to the suit in which the injunction was allowed. That suit only operated on the parties personally ¿ it had no reference to the property in controversy; nor was there any right set up in that suit to the property. The controversy was in reference to discharging Curtis, one of the judgment debtors, from liability on the judgment in the Court of Common Pleas of Portage county. To the extent that the right of the judgment creditor to legal process for the enforcement of the judgment was prejudiced by the injunction, he must look for redress to the injunction bond. The purchaser stands on his legal rights, and we discover no equitable ground on which they can he interfered with.
Whether the judgment creditor, after the dissolution of the injunction, could, under the present statute, have execution without reviving the judgment, or, if such execution should be issued, whether it wpuld be set aside at the instance of the judgment debtor, we need not now inquire. However this might be, it could not interfere with the intervening rights of the purchaser.

Judgment affirmed.

McIlvaine, C. J., Welch, Bex, and Gilmore, JJ., concurred.